**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01089-BNB
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

WILLIE HORTON,

    Plaintiff,

v.

BLAKE DAVIS, Warden,
MARK COLLINS, Admin. Remedy Coordinator,
P. RANGEL, Unit Manager,
D. FOSTER, Counselor, and
A. FENLON, Case Manager,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

On April 22, 2013, Plaintiff submitted a Prisoner Complaint   As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the documents are deficient as described in this Order. Plaintiff will be directed to cure the following if he wishes to pursue any claims in this Court in this action. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

In a separate statement to the Court, Plaintiff asserts that he should not be required to pay a filing fee in this case because he paid the fee in Case No. 12-cv-00349-REB-BNB. Plaintiff relies on the finding in *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006), that a prisoner is not required to pay an additional filing fee when he files a second case raising the same claims that were dismissed previously for failure to

exhaust administrative remedies.

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise , to pay a filing fee of $350 . . . ." "Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998). Plaintiff cites no controlling authority of the United States Court of Appeals for the Tenth Circuit for waiving a filing fee when a prisoner refiles a complaint raising the same claims that initially were dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, this case is distinguished from *Owens*. The complaint in *Owens* was dismissed *sua sponte*. In Case No. 12-cv-349-REB-BNB, the Court conducted an initial review and dismissed the complaint in part as legally frivolous. *See* Case No. 12-cv-00349-REB-BNB at ECF No. 7 at 3. The remaining defendants filed a motion to dismiss, *id.* at ECF No. 16, which was denied. Defendants then filed an answer, ECF No. 21. A preliminary scheduling conference was set and held on August 6, 2012, and finally the court granted defendants' motion for summary judgment in part and dismissed the action for failure to exhaust administrative remedies, ECF No. 46.

The cost of conducting a scheduling conference and addressing responsive pleadings justifies finding that the $350.00 filing fee paid in Case No. 12-cv-00349-REB-BNB covers only the cost of conducting the litigation in that case. The filing fee will not be waived in this case. Plaintiff is required either to pay the $350.00 filing fee in this case or in the alternative to file a motion seeking leave to proceed pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   <u>  X  </u>    is not submitted

(2)  ___  is missing affidavit
(3)  _X_  is missing **certified copy** of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  _X_  is missing authorization to calculate and disburse filing fee payments
(7)  ___  is missing an original signature by the prisoner
(8)  ___  is not on proper form (must use Court-approved from revised on 10/1/12)
(9)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(10) _X_  other: Plaintiff may in the alternative pay the $350 filing fee in full.

**Complaint, Petition or Application**:
(11) ___  is not submitted
(12) _X_  is not on proper form
(13) ___  is missing an original signature by the prisoner
(14) ___  is missing page nos. ___
(15) ___  uses et al. instead of listing all parties in caption
(16) ___  names in caption do not match names in text
(17) ___  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) ___  other: _____

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form (revised 10/1/12) (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.


DATED April 25, 2013, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge

4