IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01089-BNB

WILLIE HORTON,

    Plaintiff,

v.

BLAKE DAVIS, Warden,
MARK COLLINS, Admin. Remedy Coordinator,
P. RANGEL, Unit Manager,
D. FOSTER, Counselor, and
A. FENLON, Case Manager,

    Defendants.

---

ORDER TO FILE AMENDED COMPLAINT

---

    Plaintiff, Willie Horton, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau Of Narcotics*, 403 U.S. 388 (1971), and various other federal statutes.

    On April 25, 2013, the Court directed Plaintiff to file his claims on a Court-approved form used in filing prisoner complaints and either to pay the filing fee in full or submit a request to proceed pursuant to 28 U.S.C. § 1915. After being granted an extension of time to comply, Plaintiff, on May 28, 2013, paid the $350 filing fee and filed his claims on a Court-approved form.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Under Section D., "Cause of Action," Plaintiff identifies three claims. Under each of these claims, Plaintiff states, "Plaintiff would like to incorporate and adopt by reference paragraphs 1 thru 25, the cause of action section of Complaint No.: 12-cv-00349-REB-BNB and the amendment to that complaint." Compl., ECF No. 11, at 8. The Court has reviewed Case No. 12-cv-00349. There are only thirteen paragraphs identified in the complaint filed on February 9, 2012, in that case. Also in Case 12-cv-00349, Judge Lewis T. Babcock reviewed the complaint and dismissed Plaintiff's court access and photocopy claims as legally frivolous. Plaintiff then filed an amendment, which was accepted. The action ultimately was dismissed, including Plaintiff's retaliation and court access claims, for failure to exhaust administrative remedies. For the following reasons, the Court will direct Plaintiff to file a Second Amended Complaint that states specifically the claims he is challenging in this action.

Although under Fed. R. Civ. P. 10(c) a "statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," Rule 10(c) does not indicate that references to a previous action are included in this provision. Even if the Court were to allow references to entries in a previous action, the later pleading should be specific and clear as to what portions of the pleading in the previous action are incorporated. *See U.S. Fidelity and Guarantee Co. v. U.S. Sports Specialty Ass'n,* No. 07-cv-00996-TS (D. Utah June 25, 2012) (citing *Gen. Accident Ins.*

*Co. of Am. v. Fidelity & Deposit Co. of Md.*, 598 F. Supp. 1223, 1229 (E. D. Pa. 1984)). Plaintiff's references are not clear. Furthermore, "[a]n amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). Finally, it is not the responsibility of the Court or Defendants to refer to previous actions to determine what claims Plaintiff seeks to raise in this action.

Plaintiff, therefore, will be directed to amend the Complaint and state all claims he seeks to raise in this action. Plaintiff again is directed, as he was in the May 21, 2013 Minute Order, if he needs photocopies of previous filings to complete the Amended Complaint the reproduction of any record or paper is $.50 per page. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the action will be dismissed without further notice if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order.

DATED August 14, 2013, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge