**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01089-REB-BNB

WILLIE HORTON,

    Plaintiff,

v.

BLAKE DAVIS, ADX Warden,
MARK COLLINS, ADX Admin. Remedy Coordinator,
P. RANGEL, ADX Unit Manager,
D. FOSTER, ADX Counselor, and
A. FENLON, ADX Case Manager,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    The matters before me are (1) **Recommendation of United States Magistrate Judge** [#37],[1] filed April 21, 2014; and (2) **Plaintiff's** [*sic*] **Willie Horton Objection to the Magistrate Judge's Report and Recommendation** [#38], filed May 7, 2014. I overrule the objection, adopt the recommendation, and grant the apposite motion to dismiss.

    As required by 28 U.S.C. § 636(b), I have reviewed de novo all portions of the recommendation to which objections have been filed. Thus, I have considered carefully the recommendation, objections, and applicable caselaw.

---

[1] "[#37]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff is proceeding pro se. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Nevertheless, I concur with the magistrate judge that the operative complaint [#15], filed August 28, 2013) fails to state cognizable claims for violation of plaintiff's rights to procedural due process and access to the courts or for retaliation for the exercise of constitutionally protected rights.[2] While the court must accept all well-pleaded factual allegations of the complaint as true, *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002), mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561, 127 S.Ct. 1955,

---

[2] I likewise concur in the magistrate judge's analysis concluding that the court should not permit plaintiff to pursue claims for damages under *Bivens* for alleged violations of constitutional protections not already recognized by the courts. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68-69, 122 S.Ct. 515, 520-21, 151 L.Ed.2d 456 (2001). Nothing in the Administrative Procedures Act, which plaintiff invokes in his objections, changes that analysis.

1968, 167 L.Ed.2d 929 (2007)) (internal citations and footnote omitted).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* at 1248.

Plaintiff frankly acknowledges that the averments of his present complaint are inadequate to meet these requirements,[3] and indeed, he has requested leave to amend his pleadings to attempt to correct the deficiencies noted by the magistrate judge.  The question whether he can efficaciously do so remains pending.  (*See* **Plaintiff's Memorandum in Support of Motion for Leave To File Amended Pleading to Plaintiffs** [sic] **First Amended Complaint** [#39], filed May 8, 2014.)  The motion to dismiss the current complaint, however, is properly granted.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#37], filed April 21, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in **Plaintiff's** [*sic*] **Willie Horton Objection to the Magistrate Judge's Report and Recommendation** [#38], filed May 7, 2014, are

---

[3] Plaintiff's suggestion that the facts underlying his claims are "common knowledge" or "well known to defendants" is not sufficient to meet his pleading burden.  A defendant is entitled to "fair notice" of the accusations made against him.  *See Twombly*, 127 S.Ct. at 1968; *Robbins*, 519 F.3d at 1247-48. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation and internal quotation marks omitted).

**OVERRULED**; and

3.  That the **Motion To Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#27], filed November 18, 2013, is **GRANTED**.

Dated June 10, 2014, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge