**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01089-REB-NYW

WILLIE HORTON,

    Plaintiff,

v.

BLAKE DAVIS, ADX Warden,
MARK COLLINS, ADX Admin. Remedy Coordinator,
P. RANGEL, ADX Unit Manager,
D. FOSTER, ADX Counselor,
A. FENLON, ADX Case Manager,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation Regarding Plaintiff's Motion To Amend** [#46],[1] filed February 17, 2015; and (2) **Plaintiff's Objection to the United States Magistrate Judge Recommendations** [#47], filed March 6, 2015. I overrule the objections, adopt the recommendation, and deny the apposite motion for leave to file a second amended complaint.[2]

---

[1] "[#46]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Exercising my prerogative under D.C.COLO.LCivR 7.1(d), I proceed to consider the recommendation and plaintiff's objection thereto without awaiting the benefit of a response from defendants.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.  Plaintiff's objection focuses solely on the magistrate judge's finding that the facts alleged in plaintiff's putative second amended complaint are insufficient to state a claim for denial of access to the courts.[3]  In this regard, the magistrate judge notes that this claim is premised on defendants' putative refusal to copy handwritten legal papers that plaintiff wished to submit in support of a case he had filed in the Eastern District of Virginia against his former attorney, which refusal plaintiff contends caused his claims in that lawsuit to expire under the applicable statute of limitations.  **See Horton v. West**, 2011 WL 124602 at *4 (E.D. Va. Jan. 13,

---

[3] The magistrate judge also recommends denial of leave to amend the complaint as to plaintiff's putative claims for violation of due process and retaliation because amendment would be futile insofar as the facts alleged in the proposed amended complaint are insufficient to state plausible claims for relief. Plaintiff does not challenge the magistrate judge's assessment of the futility of plaintiff's proposed amendment of these claims, and I concur with her assessment.  **See Perkins v. Kansas Department of Corrections**, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

2011), **aff'd** 448 Fed. Appx 325 (4th Cir. Oct. 5, 2011).

Although plaintiff contends that it was error for the magistrate judge to rely on the district court's judgment because such judgment was void, he is mistaken. "[V]oidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law." ***V. T. A., Inc. v. Airco, Inc.***, 597 F.2d 220, 224-25 (10th Cir. 1979) (footnotes omitted). By contrast, plaintiff here insists that the Virginia court did have jurisdiction over his claims in that lawsuit. (**Plf. Obj.** at 4.)

Instead, he asserts merely that the court "used the wrong legal standard" in determining that the defendants were immune from suit and that the claims were time-barred in any event. (***Id.*** at 3.) However, "[a] judgment is not void merely because it is or may be erroneous." ***V.T.A., Inc.***, 597 F.2d at 224. The decision of the Virginia district court was upheld in a *per curiam* opinion of the United States Court of Appeals for the Fourth Circuit, and thus plaintiff may not attack that judgment in a collateral proceeding such as this one. ***Id. See also Goldsmith v. M. Jackman & Sons, Inc***., 327 F.2d 184, 185 (10th Cir. 1964) ("A judgment may be erroneous in law, but if it becomes final it is still binding and conclusive as between the parties upon the question involved.") (footnote omitted). ***Cf. United States v. Bigford***, 365 F.3d 859, 865 (10th Cir. 2004) ("A judgment may therefore be attacked in a collateral proceeding in another jurisdiction on the basis that it was rendered without jurisdiction.").

Noting that the Virginia court found that plaintiff's section 1983 claims accrued in April 2007, the magistrate judge concluded that those claims were barred by limitations by the time plaintiff asked defendants for copies of his court filings in October 2011.[4] The magistrate judge therefore concluded, properly, that defendants could not have impeded plaintiff's access to the court.  Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

Moreover, given that this court previously granted defendants' motion to dismiss the prior operative complaint (*see* **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** ¶ 3 at 4 [#42], filed June 10, 2014), no viable claims remain in this lawsuit.  Judgment therefore should enter and the case be closed.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the magistrate judge's **Recommendation Regarding Plaintiff's Motion To Amend** [#46], filed February 17, 2015, is approved and adopted as an order of this court;

---

[4] The magistrate judge did state, erroneously, that the statute of limitations for legal malpractice claims in Virginia is three years.  In fact, such claims are treated as actions on a contract and thus are subject to the five-year statute of limitations set forth in Va. Code. Ann. § 801-246(2).  **See Hewlette v. Hovis**, 318 F.Supp.2d 332, 335 (E.D. Va. 2004) (citing **Oleyar v. Kerr**, 225 S.E.2d 398 (1976)).  This error is of no practical effect, however, because the Virginia court addressed only the federal claims arising under section 1983 and **Bivens**, which all borrow their statutes of limitation from that applied in personal injury actions in the state where the claim arose.  **See Horton**, 2011 WL 124602 at *3.  As the Virginia district court noted, that statute of limitations is two years in Virginia.  **Id**.  (The apposite statute of limitations in the District of Columbia is three years.  D.C. Code § 12-301(8).)  The federal claims thus were time-barred, and, the district court exercised its broad discretion to decline supplemental jurisdiction over the state law tort claims.  **Horton**, 2011 WL 124602 at *4.

2. That the objections stated in **Plaintiff's Objection to the United States Magistrate Judge Recommendations** [#47], filed March 6, 2015, are overruled;

3. That Plaintiff's **Memorandum in Support of Motion for Leave To File Amended Pleading to Plaintiff's First Amended Complaint** [#39], filed May 8, 2014, is denied;

4. That plaintiff's claims are dismissed with prejudice;

5. That judgment with prejudice shall enter on behalf of defendants, Blake Davis, ADX Warden; Mark Collins, ADX Admin. Remedy Coordinator; P. Rangel, ADX Unit Manager; D. Foster, ADX Counselor; and A. Fenlon, ADX Case Manager, against plaintiff, Willie Horton, on all claims for reliefand causes of action; and

6. That defendants are awarded their costs, to be taxed by the clerk of the court in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 24, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge