**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-01089-REB-NYW

WILLIE HORTON,

      Plaintiff,

v.

BLAKE DAVIS, ADX Warden,
MARK COLLINS, ADX Admin. Remedy Coordinator,
P. RANGEL, ADX Unit Manager,
D. FOSTER, ADX Counselor,
A. FENLON, ADX Case Manager,

      Defendants.

---

## ORDER

---

**Blackburn, J.**

The matter before me is **Plaintiff's Memorandum in Support of Motion To Alter or Amend the Judgment** [#50],[1] filed April 1, 2015.  I grant  the motion.

Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Plaintiff suggests that I have misapprehended the facts and his position insofar as I concurred with the magistrate judge's conclusion that plaintiff's federal claim for access to the courts accrued in April 2007, and that therefore the applicable three-year statute of limitations expired prior to the time plaintiff requested copies of his court filings from defendants in October 2011.  (*See* **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** at 4 & n.4 [#48], filed March 24, 2015.)  Noting, however, that the statute of limitations on his Virginia state law legal malpractice claim was five years (*see id.* at 4 n.4), plaintiff argues that claim was not time-barred.

In his motion seeking leave to file a second amended complaint, plaintiff represented that

> On October 12, 2011, Plaintiff gave D. Foster a handwritten complaint which consisted of more than ten pages to be copied for each of the defendants in that case so it could be submitted to the court which he agreed to do.  D. Foster went on leave without copying the documents.
>
> Plaintiff rewrote the complaint and gave it to A. Fenlon to copy which he refused stating he don't copy handwritten legal documents.

2

(*See* **Plaintiff's Memorandum in Support of Motion for Leave To File Amended Pleading to Plaintiff's First Amended Complaint** at 7 [#39], filed May 8, 2014.) Although not entirely clear from that motion, the magistrate judge inferred that the complaint referenced therein sought to bring the state law claims over which the federal court had refused to exercise supplemental jurisdiction. *See Horton v. West*, 2011 WL 124602 at *4 (E.D. Va. Jan. 13, 2011), *aff'd*, 448 Fed. Appx. 325 (4th Cir. Oct. 5, 2011). In his present motion, plaintiff states that "he gave Foster his legal brief for his state case for copies [in] October 2011." (*See* **Plaintiff's Memorandum in Support of Motion To Alter or Amend the Judgment** at 4 [#50], filed April 1, 2015.)

Giving these pleadings the generous interpretation to which they are entitled, it can be at least inferred that plaintiff's complaint was intended to initiate a state court lawsuit for legal malpractice. The statute of limitations as to that state law claim did not run until April 2012, and thus plaintiff's claim for denial of access to the courts was not plainly time-barred at the time he allegedly requested defendants to copy that document in October 2011. *See Hewlette v. Hovis,* 318 F.Supp.2d 332, 335 (E.D. Va. 2004) (applying five-year statute of limitations of Va. Code. Ann. § 801-246(2) to claims of legal malpractice). (*See also* **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** at 4 [#48], filed March 24, 2015 (noting that plaintiff's claims began to accrue in April 2007).)

Accordingly, it appears that the court has misapprehended the facts and plaintiff's position. Although this argument does not affect the remainder of the claims, as to which the court adopted the magistrate judge's recommendation for dismissal, it does appear that his claim for denial of access to the courts may be viable. However,

3

and in contravention of D.C.COLO.LCivR 15.1(b), plaintiff failed to file a proposed amended pleading with his motion.  I will afford him a brief time in which to rectify this error in order to attempt to assert a viable claim for denial of his right of access to the courts.

       **THEREFORE, IT IS ORDERED** as follows:

       1.  That **Plaintiff's Memorandum in Support of Motion To Alter or Amend the Judgment** [#50], filed April 1, 2015, is granted;

       2.  That the **Judgment** [#49], filed March 24, 2015, is vacated;

       3.  That the court's **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** [#48], March 24, 2015, is vacated in part to the extent it adopted the magistrate judge's recommendation that plaintiff's access to courts claim should be dismissed as time-barred; and

       4.  That plaintiff may file a second amended complaint, alleging a single claim for denial of access to courts as against only the defendants implicated by that claim, on or before **June 15, 2015**.

       Dated May 11, 2015, at Denver, Colorado.

                    **BY THE COURT:**

                    Robert E. Blackburn
                    United States District Judge