**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01089-REB-NYW

WILLIE HORTON,

    Plaintiff,

v.

BLAKE DAVIS, ADX Warden,
MARK COLLINS, ADX Admin. Remedy Coordinator,
P. RANGEL, ADX Unit Manager,
D. FOSTER, ADX Counselor,
A. FENLON, ADX Case Manager,

    Defendants.
_____

**ORDER ON MOTION TO TAKE JUDICIAL NOTICE OF FACTS AND EVIDENCE**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on a Motion to Take Judicial Notice of Facts and Evidence ("Motion to Take Judicial Notice") [#68] filed by Plaintiff Willie Horton ("Plaintiff" or "Mr. Horton") on November 10, 2015, which was referred to this Magistrate Judge by memorandum dated November 12, 2015. [#69]. By Minute Order dated November 12, 2015, this court ordered the remaining Defendants in this action, D. Foster and A. Fenlon (collectively, "Defendants") to respond no later than November 18, 2015. [#70]. Defendants filed a timely Response objecting to Plaintiff's Motion to Take Judicial Notice and arguing it was unclear the facts for which Mr. Horton was requesting the court to take notice, that judicial notice was not appropriate when the origins of the documents were unclear and some of the correspondence was unsigned, and, to the extent Mr. Horton was attempting to use such documents to supplement his response to the pending Motion to Dismiss, he should not be permitted to do so without explanation as to why he could not have submitted the documents earlier. [#72].

## ANALYSIS

Rule 201 of the Federal Rules of Evidence permits a court to take "judicial notice" of a particular fact where that fact is not subject to reasonable dispute because "it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  The purpose of "judicial notice" is to permit the court to make a finding of fact in the absence of record evidence. *See United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002).  The consequence of taking judicial notice is "to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id.*

Judicial notice may be taken at any stage of a civil action, including at the motion to dismiss stage. Fed. R. Evid. 201(d). *See also Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1219 n.2 (10th Cir.2011) (noting that under Rule 201, judicial notice may be taken "whether requested or not," and "at any stage of the proceeding").  A court may take judicial notice of its own files and records, as well as facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  A court may also take judicial notice of other courts' files and records from the Electronic Court Filing ("ECF") system, as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Hansen*, 641 F.3d at 1219 n.2.  And the court may take judicial notice of filings in related cases. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

In the context of a motion to dismiss, a court may consider facts subject to judicial notice without converting a Rule 12(b)(6) motion into one for summary judgment. *Tal*, 453 F.3d at

1264 n.24.  However, when a court takes judicial notice of documents, those documents may only be considered to show their contents, not to prove the truth of matters asserted therein.  *Id*.

I.       **Judicial Notice of Plaintiff's Documents**

As part of his Motion for Judicial Notice, Plaintiff seeks to have the court take judicial notice of three letters purportedly exchanged between him and his former counsel, James Q. Butler ("Mr. Butler"), as well as a Notice of Decision from the District of Columbia Bar Clients' Security Fund dated March 21, 2011.  [#68 at 5-9].  As Defendants note, it is unclear which facts Mr. Horton seeks to have the court take judicial notice of, but this court liberally construes Plaintiff's Motion for Judicial Notice under the Tenth Circuit's standards for interpreting *pro se* papers.

The Notice of Decision by the District of Columbia Bar was contemplated by the Court of Appeals for the District of Columbia in *Horton v. Butler*, 352 F. App'x at 450, is a fact of public record that is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and is appropriate for judicial notice.  Less clear is whether private correspondence between Mr. Horton and Mr. Butler should be afforded judicial notice.  To the extent Plaintiff offers the correspondence to be probative of a factual issue in dispute, *e.g.*, whether he has stated a non-frivolous claim of legal malpractice against Mr. Butler in his Second Amended Complaint, this court finds that it is not appropriate to take judicial notice of the truth of any facts included in any of the documents.  To the extent Plaintiff asks the court to take judicial notice of  the existence and content of such correspondence, the court notes that it has already taken judicial notice of the determination by the United States District Court for the Eastern District of Virginia that Mr. Horton's malpractice claim against his attorney, George F. West, accrued no later than April 2007, when he retained Mr. Butler to pursue certain claims

against Mr. West and the Assistant United States Attorneys who prosecuted him. *See Horton v. West*, No. 1:10cv154(TSE/JFA), 2011 WL 124602, at *4 (E.D. Va. Jan. 13, 2011).

The court notes that it has construed Plaintiff's Second Amended Complaint to include the factual allegations as set forth in Plaintiff's Supplemental Pleading to his Second Amended Complaint. [#65]. Under the Rule 12(b)(6) standard, the court already accepts as true for the purposes of considering the Motion to Dismiss all well-pled facts, including that "Mr. Butler failed to communicate with Petitioner and failed to return legal papers including Petitioner transcripts." [#65 at 2]. The court further takes as true the allegation that Mr. Butler was disbarred from the Bar of the District of Columbia. [*Id.* at 3].

Given that it is wholly unclear what facts Mr. Horton seeks to have the court accept as true "to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed," and given that the court has already afforded Plaintiff the acceptance of all well-pled facts as true under the Rule 12(b)(6) standard, this court respectfully declines to take judicial notice of the correspondence between Mr. Horton and Mr. Butler.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Motion to Take Judicial Notice of Facts and Evidence [#68] is **GRANTED IN PART and DENIED IN PART**; and

(2) The court takes judicial notice of [#68 at 9] but declines to take judicial notice of the other documents offered by Plaintiff [*id.* at 5-8].

4

5

DATED:  November 19, 2015                    BY THE COURT:

                                             s/ Nina Y. Wang
                                             United States Magistrate Judge