**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01089-REB-NYW

WILLIE HORTON,

    Plaintiff,

v.

A. FENLON, ADX Case Manager, and
D. FOSTER, ADX Counselor,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#73],[1] filed November 19, 2015; and (2) **Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation Pursuant to 28 U.S.C. § 636(b)(1)** [#79], filed December 14, 2015. I overrule the objections, adopt the recommendation, and grant defendants' motion to dismiss.

Plaintiff's objection pertains to non-dispositive matters that have been referred to the magistrate judge for resolution. Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law. As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

filed, and have considered carefully the recommendation, the objections, and the applicable caselaw.

Moreover, plaintiff is proceeding *pro se*. Thus, I have reviewed his objections more liberally than if they had been filed by an attorney.  **See, e.g., Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**,  483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The recommendation is exhaustively detailed and cogently reasoned.  So thoroughly has the magistrate judge considered and analyzed the issues raised by and inherent to the underlying motion to dismiss that any lengthy exegesis on my part would be little more than a festooned reiteration of her excellent work.

More than half of plaintiff's objection is devoted to recounting the procedural background of this case, none of which conflicts in any material respect from the magistrate judge's own exceedingly thorough recitation of plaintiff's protracted and convoluted legal history.  His cognizable objections rely on factual allegations which find no counterpart in the **Second Amended Complaint** [#52], filed July 26, 2015.[2] Plaintiff's *pro se* status and lack of formal legal training do not absolve him of

---

[2]  For example, plaintiff suggests that he offered to pay to have his legal documents copied.  Not only does this allegation appear nowhere in the operative complaint, but plaintiff's willingness to pay for copies in and of itself does not elevate his claim to one of constitutional proportions.  Instead, the relevant inquiry is whether plaintiff had a "meaningful legal need" for copies.  **See Muhammad v. Collins**, 241 Fed. Appx. 498, 499 (10th Cir. July 17, 2007).  As the magistrate judge aptly found, nothing in the operative complaint supports that conclusion.  Moreover, and contrary to plaintiff's objection, I perceive nothing particularly "draconian" in requiring a *pro se* litigant to hand copy documents, at least absent some extraordinary circumstance not suggested by anything in the record before me.

responsibility for including within his operative pleading facts sufficient to state a plausible claim for relief. **See Jenkins v. Currier**, 514 F.3d 1030, 1032 (10th Cir. 2008) ("Although we construe a pro se plaintiff's complaint broadly, the plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'") (quoting **Hall**, 935 F.2d at 1110).

Nor am I persuaded that plaintiff should receive the benefit of equitable tolling of any applicable statute of limitations. As plaintiff himself acknowledges, equitable tolling requires proof, *inter alia*, of some "extraordinary circumstance" preventing timely filing. **See Holland v. Florida**, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). With respect to that element, plaintiff must do more than assume what he is required to prove – that is, that defendants' alleged refusal to photocopy his documents absolutely prevented him from timely filing his state-court claim. As the magistrate judge appropriately found, nothing in the operative complaint supports such a conclusion.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

Moreover, although not addressed by the parties or the magistrate judge, I find and conclude that plaintiff should not be afforded yet further opportunity to replead his claims. As the magistrate judge noted, the currently operative complaint represents plaintiff's fifth attempt to state a cognizable claim in this lawsuit. Although "the court should freely give leave [to amend] when justice so requires," **FED. R. CIV. P.** 15(a)(2),

both the "repeated failure to cure deficiencies by amendments previously allowed" and "undue prejudice to the opposing party by virtue of the allowance of the amendment" are among those well-recognized bases for denying further amendments, ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230 9 L.Ed.2d 222 (1962). ***See also First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.***, 820 F.2d 1127, 1132 (10th Cir. 1987).

Both those considerations counsel against permitting yet further amendments in this case. This case has been pending for nearly three years. There is nothing in the record to suggest that, in all that time, plaintiff has not been in possession of all facts relevant to his putative claims. Based on his lengthy litigation history and the quality of his submissions in this case, it appears to this court that plaintiff is a seasoned and competent litigant who his capable of understanding the straightforward pleading requirements of the Federal Rules. Nevertheless, given plaintiff's repeated inability to plead cognizable claims in this matter, defendants undoubtedly would be unduly prejudiced were the court to countenance further attempts. Accordingly, his claims will be dismissed with prejudice

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#73], filed November 19, 2015, is approved and adopted as an order of this court;

2. That the corresponding objections stated in **Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation Pursuant to 28 U.S.C. § 636(b)(1)** [#79], filed December 14, 2015, are overruled;

3. That defendants' **Motion To Dismiss Second Amended Complaint**

**Pursuant to Fed. R. Civ. P. 12(b)(6)** [#56], filed June 16, 2015, is granted;

    4. That plaintiff's claims are dismissed with prejudice;

    5. That all currently pending motions,[3] including but not limited to (1) **Defendants' Motion To Stay** [#81], filed December 23, 2015; (2) plaintiff's **Motion for Subpoenas** [#83], filed December 28, 2015; and (3) plaintiff's **Motion for Appointment of Counsel** [#85], filed January 7, 2016, are denied as moot;

    6. That all currently pending pretrial deadlines are vacated;

    7. That judgment with prejudice shall enter on behalf of defendants, A. Fenlon, ADX Case Manager, and D. Foster, ADX Counselor, and against plaintiff, Willie Horton, as to all claims for relief and causes of action asserted in this action; and

    8. That this case is closed.

Dated January 11, 2016, at Denver, Colorado.

                              **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[3] With the consent of the magistrate judge, all orders of reference as to these and all other currently pending motions are withdrawn.